IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CR-18-130-C |
| ) | |
| RUFUS LOU NELSON, JR., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Defendant filed the present motion seeking additional time to file his 28 U.S.C. § 2255 motion.[1] In support of his request, Defendant asserts he is unable to file his § 2255 Motion because prison conditions have prevented him from doing needed research.

In United States v. Leon, 203 F.3d 162 (2d Cir.2000), the Second Circuit held that "a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed." Id. at 164. Prior to an actual filing, "there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory." Id. The Tenth Circuit followed this reasoning in United States v. Verners, 15 F. App'x 657 (10th Cir. 2001). Thus, the applicable precedent holds that additional time to file a § 2255 Motion can be granted only where Defendant (1) "requests the extension upon or after filing an actual section 2255 motion, and

---

[1] Defendant's letter suggests he has a § 2255 Motion pending. However, the Court's docket does not reflect a pending Motion.

(2) 'rare and exceptional' circumstances warrant equitably tolling the limitations period." Green v. United States, 260 F.3d 78, 82-83 (2d Cir. 2001).

Defendant's Motion fails at the first element, as he has not filed a § 2255 Motion. A Court is permitted to construe a filing as a § 2255 Motion even where it is labeled differently. See Castro v. United States, 540 U.S. 375, 377 (2003). However, Defendant must describe or allude to a cognizable § 2255 claim. Defendant's Motion does neither, and so cannot be liberally construed. To the extent Defendant seeks appointment of counsel his request will be denied. There is no right to appointed counsel in a § 2255 case.

Defendant has also requested the Court Clerk advise him of his "legal deadline." It is unclear what Defendant is referencing. However, the Court will advise Defendant that the Tenth Circuit Order denying his direct appeal was issued on March 20, 2020 and that mandate issued on April 13, 2020.

For the reasons set forth herein, Defendant's Motion for Extension of Time (Dkt. No. 79) is DENIED.

IT IS SO ORDERED this 4th day of March, 2021.

ROBIN J. CAUTHRON
United States District Judge