IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>            Plaintiff   )<br>  )<br>vs.   )<br>  )<br>RUFUS LOU NELSON, JR.,   )<br>  )<br>            Defendant   ) | No. CR-18-130-01-C<br>CIV-21-264-C |

MEMORANDUM OPINION AND ORDER

Defendant has filed a Motion pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence. In his Motion, Defendant argues that his counsel was ineffective in representing him at trial. Defendant raises four distinct claims of ineffective assistance. Plaintiff has filed a Response. Defendant has also filed a Motion for Appointment of Counsel, a Motion to Amend the Original 28 U.S.C. § 2255 Motion, and an Emergency Motion for Extension of Time to File Memorandum of Law to Support 28 U.S.C. § 2255 Motion. The Court will address each Motion herein.

To prevail on an ineffective assistance of counsel claim, Defendant must demonstrate that his attorney performed deficiently and that the performance prejudiced the petitioner. See Strickland v. Washington, 466 U.S. 668, 687 (1984). "To establish deficient performance, a defendant must show 'counsel's representation fell below an objective standard of reasonableness.'" United States v. Deiter, 890 F.3d 1203, 1209 (10th Cir. 2018) (quoting Strickland, 466 U.S. at 688). "To establish prejudice, '[t]he defendant must show that there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Deiter, 890 F.3d at 1209 (quoting Strickland, 466 U.S. at 694). "The focus of the inquiry is 'whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair.'" Deiter, 890 F.3d at 1209 (quoting Lockhart v. Fretwell, 506 U.S. 364, 372 (1993)).

Defendant's first argument is his trial counsel failed to object at trial to the presentation of a witness's state court testimony. Defendant argues his counsel failed to have her private investigator obtain the state docket sheet to establish that he was not charged in state court with kidnapping and carjacking. Thus, when the witness's testimony was presented in the federal criminal proceeding underlying this action, it offered evidence for different crimes than when the witness's testimony was originally presented and thereby violated his Sixth Amendment right to confrontation.

This issue was raised by Defendant in his direct appeal. There, the Tenth Circuit found that Defendant's Sixth Amendment rights had not been violated and that admission of the witness's testimony from the preliminary hearing was proper. United States v. Nelson, 801 F. App'x 652, 657-58 (10th Cir. 2020). Because the question of violation of Defendant's Confrontation Clause rights was considered and rejected by the Tenth Circuit on direct appeal, Defendant cannot now demonstrate that any action of counsel was either deficient or prejudicial. Defendant's Motion will be denied on this issue.

Defendant's second argument is that trial counsel was ineffective in failing to call witnesses and/or offer evidence that he was a joint owner of the automobile and so could not be guilty of carjacking. Once again, Defendant's argument misstates the facts of the trial. First, Plaintiff presented evidence and testimony that Defendant was a co-owner of the car. Second, Defendant's trial counsel did in fact argue on several occasions, including in her Motion for directed verdict, that Defendant couldn't carjack because he was a part-owner. (Dkt. No. 73, pp. 260-61.) Thus, Defendant cannot demonstrate that the failure to call a witness or submit documentation from the finance company reflects deficient performance or caused prejudice. Defendant's Motion will be denied on this issue.

Defendant's third argument is that trial counsel was ineffective in failing to have her investigator interview the victim in this matter to establish there was no carjacking or kidnapping. Defendant's argument is contrary to the evidence. Plaintiff's counsel states in the Response brief that he spoke to Defendant's trial counsel and she relayed that her investigator had spoken to the victim in this case. Further, trial counsel's actions during trial, such as seeking an arrest warrant from the Court to require the victim to appear and arguing for a mistrial when the Court found the witness unavailable, strongly support the fact that trial counsel felt the witness had favorable testimony to offer. However, that testimony was not presented not due to ineffective assistance of counsel but due to the Court's determination that the witness was unavailable. As noted above, the Tenth Circuit

3

has affirmed that ruling on appeal. Thus, even if there was some avenue for Defendant to demonstrate deficient performance, he cannot show prejudice because the victim would not have testified.

Finally, Defendant argues trial counsel was ineffective in failing to raise a claim based on Rehaif v. United States, --- U.S. ---, 139 S.Ct. 2191 (2019). This argument fails for three reasons. First, the verdict in this case was reached on September 6, 2018. Rehaif was not decided until June 21, 2019. Thus, it would have been impossible for trial counsel to have raised a claim based on that case. A failure "to predict future law" is not ineffective assistance of counsel. Bullock v. Carver, 297 F.3d 1036, 1052 (10th 2002). In the event that Defendant is arguing counsel was ineffective for not presenting the issue on appeal, he fails for two independent reasons. Attached to Defendant's Motion to Amend the Original 28 U.S.C. § 2255 is a letter from appellate counsel to Defendant. That letter outlines the risks of facing an increased sentence in the event Defendant pursued a Rehaif argument on appeal. Counsel advises Defendant to notify her via email or telephone call if he wants to pursue the issue on appeal and face the risk of an increased sentence. There is no evidence from Defendant that he advised counsel he was willing to risk the increased sentence and for her to proceed in raising the issue. Thus, it is plausible to believe that the failure to raise Rehaif on appeal was not ineffective but a strategy decision. Defendant has failed to offer any argument or evidence to overcome the presumption that this decision was an exercise of reasonable professional judgment and so

cannot demonstrate it was ineffective. See Strickland, 466 U.S. 689. Finally, the argument fails as a factual matter. The Tenth Circuit has held that to satisfy Rehaif it must be shown that "'defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm.'" United States v. Benton, 988 F.3d 1231, 1237 (10th Cir. 2021) (quoting Rehaif, 139 S.Ct. at 2200). Here, there was ample evidence presented at trial that Defendant knew he possessed a firearm and knew he had prior felony convictions. Thus, any argument based on Rehaif would have futile. Consequently, counsel's failure to raise it was not ineffective assistance. See Sperry v. McKune, 445 F.3d 1268, 1275 (10th Cir. 2006) (explaining trial counsel's failure to raise a meritless issue is not ineffective assistance). Defendant's Motion will be denied on this issue.

As noted, Defendant has requested appointment of counsel to assist in presenting his § 2255 Motion. However, "there is no right to counsel in collateral proceedings." United States v. Prows, 448 F.3d 1223, 1229 (10th Cir. 2006) (citing Pennsylvania v. Finley, 481 U.S. 551 (1987)). Rather, under § 2255(g) and 18 U.S.C. § 3006A(a)(2)(B), a district court may appoint counsel to a "financially eligible person" when "the interests of justice so require." In the end, "[t]he decision to appoint counsel is left to the sound discretion of the district court." Engberg v. Wyoming, 265 F.3d 1109, 1122 (10th Cir.2001). The exception to the above is pursuant to Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Under that Rule, if the

5

Court determines an evidentiary hearing is necessary, it must appoint counsel to represent Defendant at that hearing. In a § 2255 proceeding, a district court is not required to grant an evidentiary hearing on a defendant's claims where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). See also United States v. Lopez, 100 F.3d 113, 110 (10th Cir.1996); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir.1988). The Court has thoroughly reviewed the files and records of this case in light of the facts alleged by Defendant. Upon that review, the Court finds conclusively that Defendant's claims cannot entitle him to relief. Therefore, no evidentiary hearing is necessary for the disposition of his Motion. Defendant's request for appointment of counsel will be denied.

Defendant requests leave to amend his original § 2255 Motion to include evidentiary materials in support of the arguments raised herein. The Court has considered these evidentiary materials in reaching the conclusions set forth in this Order. Defendant's Motion to Amend will be construed as a request to submit additional authority, and will be granted.

Finally, Defendant seeks additional time to file a memorandum of law in support of his § 2255 Motion. Therein, Defendant argues that as a result of prison procedures in place to deal with the COVID-19 pandemic, he has been unable to go to the law library and provide legal authority in support of his Motion. Defendant argues that he should be granted additional time to provide the Court with case law in support of his Motion. The

Court finds additional time is not warranted. The arguments raised by Defendant hinge on factual rather than legal matters. The law applicable to resolving those issues is clear and well settled. Thus, the Court finds that any additional legal authority provided by Defendant would be unhelpful in resolving his claims. Accordingly, Defendant's Motion for Extension of Time will be denied.

## CONCLUSION

For the reasons set forth herein, Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Dkt. Nos. 81, 1) is denied. Defendant's Motion for Appointment of Counsel (Dkt. No. 84) and Emergency Motion for Extension of Time to File Memorandum of Law to Support 28 U.S.C. § 2255 Motion (Dkt. No. 88) are DENIED. Defendant's Motion to Amend (Dkt. No. 87) is treated herein as a request to submit additional authority, and as such is GRANTED. A separate judgment will issue.

IT IS SO ORDERED this 29th day of April 2021.

_____
ROBIN J. CAUTHRON
United States District Judge